# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CHANTANTUS S. FRANKLIN,

    Petitioner,

v.

Case No. 09-13615
Hon. Lawrence P. Zatkoff

CINDI CURTIN,

    Respondent.

_____/

## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE

This matter is before the Court on a petition for writ of habeas corpus brought by Chantantus S. Franklin, ("Petitioner"), presently confined at the Oaks Correctional Facility in Manistee, Michigan. Petitioner has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his convictions for (1) one count of second-degree murder, Mich. Comp. Laws § 750.317; (2) two counts of assault with intent to commit murder, Mich. Comp. Laws § 750.83; (3) one count of carrying a concealed weapon, Mich. Comp. Laws § 750.227; and (4) one count of felony-firearm, Mich. Comp. Laws § 750.227b.

Petitioner has now filed a motion to hold the petition in abeyance to permit him to file a post-conviction motion in the state courts to raise additional claims that are not included in the current petition. For the reasons stated below, the Court will hold the petition in abeyance and will stay the proceedings under the terms outlined below to permit petitioner to return to the state courts to exhaust his additional claims. The Court will also administratively close the case.

## I. BACKGROUND

Petitioner was convicted of the above offenses following a jury trial in the Genesee County

Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Franklin,* No. 275203 (Mich. Ct. App. May 15, 2008), *lv. den.*, 482 Mich. 1033, 757 N.W.2d 111 (2008).

On September 14, 2009, Petitioner filed a petition for writ of habeas corpus, in which he seeks habeas relief on the one ground that he raised on direct appeal.

Petitioner has now filed a motion to hold the habeas petition in abeyance so that he can return to the Genesee County Circuit Court to present new claims in a post-conviction motion for relief from judgment.

## II. DISCUSSION

A federal district court has the authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *See Brewer v. Johnson,* 139 F. 3d 491, 493 (5th Cir. 1998). However, in order to stay federal proceedings and hold a habeas petition in abeyance pending resolution of state-court proceedings, there must be exceptional or unusual circumstances. *See Sitto v. Bock,* 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999). "Federal district courts are authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims." *Moritz v. Lafler,* No. 2:07-CV-15369, 2008 WL 783751, at *2 (E.D. Mich. Mar. 19, 2008) (citing *Anthony v. Cambra*, 236 F. 3d 568, 575 (9th Cir. 2000); *Tran v. Bell,* 145 F. Supp. 2d 939, 941–42 (W.D. Tenn. 2001); *Hill v. Mitchell,* 30 F. Supp. 2d 997, 1000 (S.D. Ohio 1998)).

The Court will grant Petitioner's motion to hold the petition in abeyance while he returns to the state courts to exhaust additional claims. In this case, the outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of the petitioner's claims in this Court due to the expiration of the one-year statute-of-limitations contained in the Antiterrorism and

Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1). A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, as was the case here, but a second, exhausted habeas petition would be time-barred by the statute-of-limitations. *See Hargrove v. Brigano,* 300 F. 3d 717, 720–21 (6th Cir. 2002). In fact, the United States Supreme Court has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the statute-of-limitations could file a "protective" petition in federal court, as Petitioner has apparently done here, and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber,* 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state-court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278.

However, even where a district court determines that a stay is appropriate pending exhaustion of state-court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. Therefore, to ensure that there are no delays by Petitioner in exhausting his state-court remedies, the Court will impose upon Petitioner time limits within which he must proceed with his state-court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court within sixty days from the date of this Order. *See id.* Further, he must ask this Court to lift the stay within sixty days of exhausting his state-court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated nunc pro tunc as of the date the stay was entered, and the petition may be dismissed." *Id.* at 781 (internal quotation omitted).

## III. CONCLUSION

Accordingly, it is HEREBY ORDERED that Petitioner may file a motion for relief from judgment with the state court within sixty (60) days of receipt of this Court's order. If Petitioner fails to file a motion for relief from judgment with the state courts by that date, the Court will dismiss the present petition without prejudice.

If petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court. The case shall then be held in abeyance pending the petitioner's exhaustion of the claims. The petitioner shall re-file a habeas petition within 60 days after the conclusion of the state court post-conviction proceedings. Petitioner is free at that time to file an amended habeas petition which contains any newly exhausted claims.

To avoid administrative difficulties, the Court ORDERS the Clerk of Court to CLOSE this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto*, 207 F. Supp. 2d at 677.

It is further ORDERED that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

IT IS SO ORDERED.

                                              S/Lawrence P. Zatkoff
                                              LAWRENCE P. ZATKOFF
                                              UNITED STATES DISTRICT JUDGE

Dated: March 18, 2010

CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on March 18, 2010.

                                            S/Marie E. Verlinde  
                                            Case Manager  
                                            (810) 984-3290